UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYLVESTER JAMES MAHONE,<br><br>Plaintiff,<br><br>v.<br><br>PAT MCCARTHY, PAUL PASTOR,<br>EDDIE PARKER, BALDEROMA,<br>MARVIN SPENCER, MARTHA KARR,<br>DANIELS, KATHY MILLER, CARN.<br><br>Defendants. | CASE NO. C14-5812 BHS-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is plaintiff's motion for appointment of counsel (Dkt. 6). Plaintiff states that the action is complex and that he is an inmate confined in the segregation unit of the Pierce County Jail (Dkt. 6). Plaintiff has a degree as a paralegal (Dkt. 6). Defendants oppose plaintiff's motion stating that plaintiff is being held on new criminal charges resulting from allegedly threatening a corrections officer and his family. Defendants note that plaintiff is

currently representing himself in his criminal matter and is far more qualified and capable than the "typical pro se inmate litigant." (Dkt. 22, p. 3).

There is no right to have counsel appointed in cases brought pursuant to 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff is capable of articulating his claims. The Court record reflects that he is conducting discovery (Dkt. 19 request for additional time to respond to discovery requests). The Court is not currently in a position to determine plaintiff's likelihood of success on the merits, but that is due to the early status of the case and not plaintiff's inability to articulate his claims. The Court does not find exceptional circumstances that would warrant appointment of counsel at this time.

Accordingly, the Court denies plaintiff's motion for appointment of counsel.

Dated this 28th day of January, 2015.

J. Richard Creatura
United States Magistrate Judge