UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVESTER JAMES MAHONE,

                    Plaintiff,

          v.

PAT MCCARTHY, PAUL PASTOR, EDDIE
PARKER, JOHN DOE BALDEROMA,
MARVIN SPENCER, MARTHA KARR,
DANIELS, KATHY MILLER, CARN,

                    Defendants.

CASE NO. C14-5812 BHS-JRC

ORDER REGARDING SANCTIONS

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Procedural history.

The Court granted plaintiff in forma pauperis status and directed the clerk's office to attempt service of this action by mail (*see* Dkt. 5).  The Court's service order stated that a defendant who returned the waiver of service of summons had sixty-days from the date designated on the notice of lawsuit to file an answer or a motion under Fed. R. Civ. P. 12 (*see* Dkt. 5, p. 2).  The waiver of service of summons forms also contained information telling each

1  defendant that judgment could be entered if an answer or motion under Fed. R. Civ. P. 12 was

2  not filed within sixty-days of October 29, 2014 (*see* Dkt. 10-17).  Defendants' counsel signed the

3  waiver of service of summons form for each defendant (*id.*).

4        Defendants failed to comply with the Court's instructions to file an answer or a motion

5  permitted under Rule 12 of the Federal Rules of Civil Procedure, within sixty days of the date

6  designated on the notice of lawsuit (Dkt. 5).  On January 29, 2015, as a direct result of

7  defendants' failure to act, the Court issued an order directing plaintiff to take action (Dkt. 26).

8  Defendants filed an untimely motion to dismiss the next day, on January 30, 2015 (Dkt. 27).  In

9  compliance with the Court's instruction to take action, plaintiff filed a motion for default

10  judgment (Dkt. 28).

11        The Court addressed plaintiff's motion for default judgment in a Report and

12  Recommendation that is currently pending before Judge Settle, recommending that plaintiff's

13  motion for default judgment be denied, opting in favor of having the matter proceed on the

14  merits, rather than entering judgment based on defendants' procedural default (Dkt. 38).  The

15  Court also stayed this action (*id.*).  The Court entered a separate order to show cause why

16  sanctions should not be imposed against defendants' counsel (Dkt. 39).  Counsel has filed a

17  response and a declaration asking that sanctions not be imposed (Dkt. 41, 42).

18        <u>Legal standard for monetary sanctions.</u>

19        Paragraph two of Western District Local Civil Rule 11(c) provides in relevant part:

20      An attorney or party who without just cause fails to comply with . . .  an order of
    the court, . . .  may, . . .  be required by the court to satisfy personally such

21      excess costs and may be subject to such other sanctions as the court may deem

22      appropriate.

23

24

<u>Discussion.</u>

Counsel argues that the most severe sanction available is the granting of default judgment (*see* Dkt. 41 p. 2).  Counsel states the default judgment should not be granted unless the responsible party acts in bad faith (*see* Dkt. 41 p. 2).  This Court agrees. Counsel analogizes monetary sanctions to entry of default judgment (*see* Dkt. 41, pp. 2-3.).  On this point, the Court disagrees.  A monetary sanction is not comparable to the severe sanction of default judgment.

Counsel admits in his declaration that the failure to file a timely answer or motion "was my error, and I apologize to the Court for that oversight and omission." (Dkt. 42, p. 3.) The Court accepts counsel's explanation and has no reason to believe this circumstance is the result of intentional conduct, but rather inadvertence or mistake.  The Court notes that counsel also took steps to communicate his mistake to his colleagues to help ensure a similar mistake does not occur in the future.  However, the record shows that counsel signed the waiver of service of summons form for each defendant.  Presumably, counsel is or should be versed in the rules of this court.  Therefore, counsel is not without fault for failing to comply with court rules.

Counsel's failure to act has caused a considerable expenditure of Court resources.  The Court prepared an order to show cause that it directed to plaintiff (Dkt. 26).  The Court prepared a Report and Recommendation on plaintiff's motion for default judgment (Dkt. 38).  The Court prepared an order to show cause regarding sanctions directed to defendants' counsel.  In addition, the District Court must now consider the Report and Recommendation on plaintiff's motion for default judgment.  The District Court must then issue an order.

Further, plaintiff has suffered a delay in a resolution of his case.  Parties are entitled to have their matters proceed with deliberate speed and an attorney's inadvertence or mistake that led to an unnecessary delay of that process should have some consequence.  This action has been

1  delayed from late in December of 2014, until late in April of 2015.  The expenditure of Court

2  resources and delay of four months is a direct result of counsel's failure to take appropriate

3  action.

4       The Court does not find that counsel's conduct was willful, however, counsel does not

5  show just cause for disregarding the additional cost and delay to this action that is attributable to

6  his conduct.  The Court finds that a one hundred dollar monetary sanction is appropriate.

7       Accordingly the Court orders that counsel for defendants pay one hundred dollars to the

8  clerk of court for failing to comply with the timelines set forth in the Court's order directing

9  service.  Counsel must pay this sanction to the clerk of court on or before May 29, 2015.

10       The Court stated in the Report and Recommendation regarding default that it would delay

11  consideration of defendants' motion to dismiss until the issue of sanctions had been addressed

12  (*see* Dkt. 38, p. 2).  The Court also stayed the action (*id*.).  The Court orders that the stay in this

13  action is lifted.  The Court also re-notes defendants' motion to dismiss (Dkt. 27), for June 5,

14  2015.

15       Dated this 4th day of May, 2015.

16

17  J. Richard Creatura
United States Magistrate Judge

18

19

20

21

22

23

24