1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

SYLVESTER JAMES MAHONE,

8                        Plaintiff,

9          v.

10   PAT MCCARTHY, et al.,

11                      Defendants.

12

CASE NO. C14-5812 BHS

ORDER ADOPTING IN PART
AND DECLINING TO ADOPT IN
PART REPORT AND
RECOMMENDATION

13          This matter comes before the Court on the Report and Recommendation ("R&R")

14   of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 47), and

15   Defendants Pat McCarthy, Paul Pastor, Eddie Parker, Balderoma, Marvin Spencer,

16   Martha Karr, Daniels, Kathy Miller, and Carn's ("Defendants") objections to the R&R

17   (Dkt. 49).

18                            **I. PROCEDURAL HISTORY**

19          On October 29, 2014, Plaintiff Sylvester Mahone ("Mahone") filed a 42 U.S.C.

20   § 1983 complaint against Defendants.  Dkt. 4 ("Comp.").  Mahone alleges that he tripped

21   and fell over a door stop while cleaning a Pierce County Jail dayroom.  *Id.* ¶¶ 6–9.

22

Mahone claims that Pat McCarthy ("McCarthy"), Eddie Parker ("Parker"), Paul Pastor ("Pastor"), Daniels, Marvin Spencer ("Spencer"), Martha Karr ("Karr"), and Carn violated his Eighth Amendment rights by acting with deliberate indifference to his safety and failing to train subordinate staff. *Id.* ¶¶ 44–48.  Mahone also alleges that Balderoma violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs. *Id.* ¶ 50.  Finally, Mahone asserts that McCarthy, Pastor, Daniels, Spencer, Karr, Kathy Miller ("Miller"), and Balderoma violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") by failing to make reasonable accommodations based on his disability. *Id.* ¶ 49.

On January 30, 2015, Defendants moved to dismiss Mahone's complaint, arguing that Mahone failed to exhaust his administrative remedies and failed to state a claim. Dkt. 27.  On July 21, 2015, Judge Creatura issued the R&R recommending that the Court grant the motion in part and deny it in part.  Dkt. 47.  After rejecting Defendants' failure to exhaust argument, Judge Creatura recommended denying Defendants' motion to dismiss as to the following claims: (1) deliberate indifference to safety; (2) deliberate indifference to medical needs; and (3) violations of the ADA and RA.  *Id.*  Judge Creatura also recommended granting Defendants' motion to dismiss as to Mahone's failure to train claim, but recommended granting Mahone leave to amend.  *Id.*

On August 4, 2015, Defendants filed objections.  Dkt. 49.  Mahone did not file a response.

## II. DISCUSSION

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition.  Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Defendants raise several objections to Judge Creatura's recommended disposition. First, Defendants argue that Mahone's allegations are insufficient to state a claim for deliberate indifference to his safety under the Eighth Amendment.  Dkt. 49 at 7.  To state a claim for deliberate indifference to a prisoner's safety, the prisoner must allege that (1) prison officials knew of an objectively serious risk of harm, and (2) acted with deliberate indifference to it.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Liberally viewed, the allegations in Mahone's complaint are sufficient to state a cognizable claim for deliberate indifference against Defendants.  Mahone has pled facts indicating that the door stop presented a substantial risk of serious harm.  *See* Comp. ¶ 32.  Mahone has also pled facts supporting an inference that Defendants knew of the serious risk of harm.  *See id.* ¶ 31.

Defendants also argue that Mahone's allegations are insufficient to state a claim for deliberate indifference to his medical needs under the Eighth Amendment.  Dkt. 49 at 7–8.  To state a claim for deliberate indifference to a prisoner's medical needs, the prisoner must allege that (1) he had a serious medical need, and (2) the defendant's

1   response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096

2   (9th Cir. 2006).  The "deliberate indifference" prong requires (a) a purposeful act or

3   failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by

4   the indifference.  *Id.*  Here, Mahone alleges that he had "excruciating" and "extreme"

5   pain in his leg and hip.  Comp. ¶¶  11, 13–15, 25, 28–29.  Mahone further alleges that

6   Balderoma denied him pain medication and failed to respond to his medical kites, and as

7   a result, Mahone suffered from continued physical and emotional pain.  *Id.* ¶¶ 30, 50.

8   These allegations are sufficient to state a cognizable claim against Balderoma.

9       Defendants also object to Judge Creatura's conclusion that Mahone's alleged

10  injuries constitute a disability for the purposes of the ADA.  Dkt. 49 at 10.  The ADA

11  defines "disability" as an impairment that "substantially limits" a major life activity, such

12  as walking, sleeping, standing, lifting, performing manual tasks, and caring for oneself.

13  42 U.S.C. § 12102(1)–(2).  Mahone alleges that he was unable to walk, sleep, get out of

14  bed, and use the toilet as a result of his injuries.  Comp. ¶¶ 11, 13–14, 18, 25, 28.  He also

15  alleges that he needed to use a wheelchair and walking cane, and required assistance from

16  other inmates.  *Id.* ¶¶ 19, 24.  The Court agrees with Judge Creatura that Mahone has

17  sufficiently alleged a disability under the ADA.

18      Finally, Defendants contend that Mahone has failed to identify any reasonable

19  accommodations that he requested to support his ADA and RA claims.[1]  Dkt. 49 at 9.

20  The Court agrees.  Mahone has not alleged a specific reasonable accommodation that he

21  _____

22  [1] Claims under the ADA and the RA are interpreted in the same manner.  *Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 n.3 (9th Cir. 1995).

1  requested and was denied.  *See Memmer v. Marin County*, 169 F.3d 630, 633 (9th Cir.

2  1999).  Mahone therefore fails to state a claim under the ADA and RA.  It appears,

3  however, that Mahone could cure the defects in these claims by alleging additional facts.

4  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, the Court grants

5  Mahone leave to amend his ADA and RA claims.

6                                              **III. ORDER**

7         The Court having considered the R&R, Defendants' objections, and the remaining

8  record, does hereby find and order as follows:

9         (1)     The R&R is **ADOPTED in part** and **DECLINED in part**;

10        (2)     Defendants' motion to dismiss is **GRANTED in part** and **DENIED in**

11                **part**; and

12        (3)     Mahone is **GRANTED leave to amend** his failure to train, ADA, and RA

13  claims.

14        Dated this 22nd day of September, 2015.

15

16  _____

17  BENJAMIN H. SETTLE
    United States District Judge

18

19

20

21

22

ORDER - 5